IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| WILLIAM HOWARD HINKLEY and | ) | Case No. 05-61340 |
| FLORA LEOLA HINKLEY, | ) | |
| | ) | |
| Debtors. | ) | |
| | ) | |
| and | ) | |
| | ) | |
| IN RE: | ) | |
| | ) | |
| TOMMY LYNN SECREST and | ) | Case No. 05-61199 |
| BARBARA JEAN SECREST-SEIBERT, | ) | |
| | ) | |
| Debtors. | ) | |

## MEMORANDUM OPINION

The Chapter 7 trustee objected to debtors Flora and William Hinkley's claim of exemption in more than two motor vehicles. He also objected to debtors Tommy and Barbara Secrest's claim of exemption in more than two motor vehicles. I combined these two cases as the issues are identical. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B) over which the Court has jurisdiction pursuant to 28 U.S.C. § 1334(b), 157(a), and 157(b)(1). The following constitutes my Findings of Fact and Conclusions of Law in accordance with Rule 52 of the Federal Rules of Civil Procedure as made applicable to this proceeding by Rule 7052 of the Federal Rules of Bankruptcy Procedure. For the reasons set forth below, I will sustain the trustee's objections.

## FACTUAL BACKGROUND

The facts are not in dispute. The Hinkleys claimed as exempt a 1994 Lincoln, a 1995

Ford Pick-up Truck, and a 1948 Dodge Coupe. The Secrests claimed as exempt a 1981 Camaro, a 1985 Harley Davidson, a 1991 F150 Pick-up Truck, and a 1996 Chevy S10. The trustee objected to both claims of exemption. The trustee argues that each debtor is allowed to exempt one motor vehicle. The debtors argue that they are allowed to exempt more than one vehicle if the total value exempted is less than $3000 per debtor.

## DISCUSSION

The Bankruptcy Code (the Code) permits a state to opt out of the federal bankruptcy exemption scheme.[1] The State of Missouri has exercised this option.[2] Section 513.427 of Missouri's Revised Statutes provides that:

> Every person by or against whom an order is sought for relief under Title 11, United States Code, shall be permitted to exempt from property of the estate any property that is exempt from attachment and execution under the law of the state of Missouri or under federal law, other than Title 11, United States Code, Section 522(d), and no such person is authorized to claim as exempt the property that is specified under Title 11, United States Code, Section 522(d).[3]

A right to claim certain property as exempt is, therefore, controlled by state law. In Missouri the "following property is exempt from attachment and execution to the extent of any person's interest therein: . . . Any motor vehicle in the aggregate, not to exceed three thousand dollars in value."[4] In 2003 the Missouri legislature amended the motor vehicle

---

[1] 11 U.S.C. § 522(b)(1).

[2] Mo. Stat. Ann. § 513.427 (2002).

[3] *Id.*

[4] Mo. Stat. Ann. § 513.430.1(5) (Supp. 2005).

exemption. Prior to that time the statute read as follows: "the following property shall be exempt from attachment and execution to the extent of any person's interest therein: . . . Any motor vehicle, not to exceed one thousand dollars in value."[5]

In *In re Struckhoff*,[6] the trustee objected to a debtor splitting his motor vehicle exemption among more than one vehicle. The court construed the statute in effect at that time to allow a debtor to exempt his or her interest in only one motor vehicle not to exceed $1000 in value.[7] Debtors argue, however, that the additional phrase "in the aggregate" means that the legislature intended to allow a debtor to exempt his or her interest in more than one vehicle, as long as the total value is no more than $3000. I disagree. The amended statute reads "any motor vehicle, in the aggregate." "In the aggregate" clearly modifies the term "any motor vehicle," which is singular. Aggregate means a mass of discrete things take as a whole.[8] Thus, it would appear that each debtor is allowed to exempt one motor vehicle, and all parts thereof cannot total more than $3000 in value. If the legislature had intended to change the result in *Struckhoff*, all it needed to do was to change the singular noun to a plural one. Since the legislature did not do so, I will SUSTAIN the trustee's objections to debtors' claims of exemption in both cases.

Orders in accordance with this Memorandum Opinion will be entered this date.

---

[5] Mo. Stat. Ann. § 513.430.1(5) (2002).

[6] 231 B.R. 69 (Bankr. E.D. Mo. 1999).

[7] *Id.* at 70.

[8] Bryan A. Garner, **A Dictionary of Modern Legal Usage** 39 (2nd ed. 1995).

                                                  /s/ Arthur B. Federman
                                                    Bankruptcy Judge

Date: September 7, 2005

Copies of the above served electronically or by mail to:

Kenneth P. Reynolds
Daniel A. Parmele
J. Kevin Checkett